ADAM R. F. GUSTAFSON
Acting Assistant Attorney General

SHANNON BOYLAN, Trial Attorney
ALEXIS G. ROMERO, Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Shannon.Boylan@usdoj.gov
(202) 598-9584
Alexis.Romero@usdoj.gov
(202) 353-5885

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, Secretary of the Interior, *et al.*<br><br>Defendants. | Case No. 2:25-cv-02840<br><br>Hon. Michelle Williams Court<br>District Court Judge<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, ECF NO. 12** |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior; the Bureau of Ocean Energy Management ("BOEM"); and Douglas Boren, in his official capacity as the Regional Director of the Pacific Outer Continental Shelf Region of BOEM (collectively, "Defendants"), by their undersigned counsel, submit the following Answer to the claims and allegations set forth in the First Amended Complaint for Declaratory and Other Relief ("Complaint") filed by the Center for Biological Diversity and Wishtoyo Foundation (collectively, "Plaintiffs").

**RESPONSE TO COMPLAINT ALLEGATIONS**

The paragraph numbers and headings in this Answer correspond to the paragraph numbers and headings in Plaintiffs' Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.

**INTRODUCTION**

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of its case to which no response is required. To the extent a response may be required, Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

2.      Defendants aver that, after an onshore pipeline that transported oil from the Santa Ynez Unit ruptured, oil and gas production at the Santa Ynez Unit was shut down from 2015 until Sable Offshore Corp. ("Sable") restarted

production on Platform Harmony in May 2025, but Defendants deny the remaining allegations in the first sentence of Paragraph 2. Defendants admit the allegations of the second sentence of Paragraph 2 with the exception that the allegation that the refenced oil spill is the "worst oil spill in California in decades"; that allegation is vague and ambiguous, and thus Defendants lack knowledge or information sufficient to form a belief as to its truth or falsity.  To the extent a response may be required, Defendants deny the allegations.

3.    The allegations in Paragraph 3 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and deny on that basis.

4.    Defendants aver that Sable is the current owner of the offshore platforms in the Santa Ynez Unit and that Platform Harmony, one of the platforms in the unit, restarted production in May 2025. The remaining allegations in the first sentence of Paragraph 4 purport to characterize the statements of Sable, which speak for themselves and are the best evidence of their contents. Defendants deny the allegations inconsistent with their plain language, context, or meaning.  The allegations in the final sentence of Paragraph 4 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  To the extent any additional response may be required, Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

5.    The allegations in the first and second sentence of Paragraph 5 are vague and ambiguous; Defendants therefore lack knowledge or information

sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants admit the allegations of the first clause of the third sentence of Paragraph 5 and further aver that Platform Hondo was installed in 1976, while Platform Harmony and Platform Heritage were installed in 1989. The allegations in the second clause of the second sentence of Paragraph 5 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

6. The allegations in Paragraph 6 characterize and quote from the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

7. The allegations in Paragraph 7 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

8. The allegations in Paragraph 8 characterize and quote from OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of these regulations.

9. The allegation in the first sentence of Paragraph 9 is a legal conclusion to which no response is required. The allegations in the second sentences of Paragraph 9 characterize the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any

allegations inconsistent with their plain language, context, or meaning. The allegations in the third sentence of Paragraph 9 characterizes unspecified "new information" and the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning of the new information or the DPPs.

10.     Defendants admit that BOEM issued a decision, aver that BOEM completed a memorandum dated April 30, 2025, memorializing its review of the development and production plans (DPPs) for Platform Harmony of the Santa Ynez Unit, and further aver that Sable restarted production on Platform Harmony in May 2025. The remaining allegations in Paragraph 10 purport to characterize the contents of multiple documents (including the aforementioned BOEM memorandum, a notice from Plaintiffs of their intent to sue, and various DPPs) all of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context or meaning.

11.     The allegations in Paragraph 11 characterize documents, namely DPPs and the April 30, 2025 memorandum, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.  To the extent a further response may be required, Defendants deny any violation of law and deny that Plaintiffs are entitled to relief.

12.     The allegations in Paragraph 12 are legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny

the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 constitute Plaintiffs' characterization of their case and requested relief to which no response is required. To the extent a response may be required, Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

14.     The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

## PARTIES

### Plaintiff

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny them.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny them.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny them.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, deny them.

20.     Defendants lack sufficient knowledge or information to form a belief

as to the truth of the allegations in Paragraph 20 and, on that basis, deny them.

21.    The allegations in the first, third, and fourth sentences of Paragraph 21 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 21 and, on that basis, deny them.

22.    Defendants aver that offshore oil and gas activities may lead to accidental oil spills and that such oil spills can cause impacts on marine species. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 22 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 22 and deny on that basis. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the seventh and eighth sentence of Paragraph 22, and, on that basis, deny them. Defendants deny any remaining allegations in Paragraph 22.

23.    Defendants admit that much of the platform and pipeline infrastructure on the Pacific Outer Continental Shelf ("OCS") was installed between approximately 35 to 50 years ago and deny the remaining allegations in the first sentence of Paragraph 23. The allegations in the second sentence of Paragraph 23 purport to characterize an environmental impact statement, which speaks for itself and is the best evidence of its contents. Defendants deny any

allegations inconsistent with its plain language, context or meaning.

24.    The allegations in the first sentence are vague and ambiguous and are denied on that basis. The second sentence of Paragraph 24 references the statements of unnamed scientists, which speak for themselves and are the best evidence of their contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of those statements.

25.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, deny them.

26.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, deny them.

27.    Defendants deny the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

29.    The allegations in the first and third sentences of Paragraph 29 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny any violation of law and deny that Plaintiff is entitled to any relief. The allegations in the second sentence of Paragraph 29 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

30.     The allegations in Paragraph 30 constitute Plaintiff's characterization of its case to which no response is required. To the extent a response may be required, Defendants deny any violation of law and deny that Plaintiff is entitled to any relief.

## DEFENDANTS

31.     Defendants admit that Doug Burgum is the Secretary of the Interior. The remaining allegations in Paragraph 31 are legal conclusions to which no response is needed or purport to characterize statutes which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes.

32.     Defendants admit that BOEM is a federal agency within the Department of the Interior. The remaining allegations in Paragraph 32 are legal conclusions to which no response is needed.

33.     Defendants admit that Douglas Boren is the Regional Director of BOEM's Pacific Region. The remaining allegations in Paragraph 33 are legal conclusions to which no response is needed or purport to characterize statutes which are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statutes.

## STATUTORY BACKGROUND

### Outer Continental Shelf Lands Act

34.     The allegations in Paragraph 34 characterize OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations

inconsistent with the plain language, context, or meaning of the statute.

35.    The allegations in Paragraph 35 characterize a judicial opinion and a statute, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the judicial opinion and statute.

36.    The allegations in Paragraph 36 characterize OCSLA and a judicial opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and opinion cited.

37.    The allegations in Paragraph 37 characterize OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

38.    The allegations in Paragraph 38 characterize federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the regulations.

39.    The allegations in Paragraph 39 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

40.    The allegations in Paragraph 40 characterize and/or quote from OCSLA and federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the

10

plain language, context, or meaning of the statute and federal regulations cited.

41.    The allegations in Paragraph 41 characterize and quote from OCSLA and federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and regulations.

42.    The allegations in Paragraph 42 characterize OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

43.    The allegations in Paragraph 43 characterize and quote from federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the regulations.

44.    The allegations in Paragraph 44 characterize and/or quote from OCSLA and federal regulations, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute and regulations.

45.    The allegations in Paragraph 45 characterize and quote from OCSLA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

46.    Defendants admit that both BOEM and BSEE are bureaus within the Department of the Interior. The other allegations in Paragraph 46 are legal conclusions to which no response is required; to the extent a response is otherwise

required, Defendants deny the allegations.

## ADMINISTRATIVE PROCEDURE ACT

47.    The allegations in Paragraph 47 characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

48.    The allegations in Paragraph 48 characterize and quote from APA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the statute.

## FACTUAL BACKGROUND

### Oil and Gas Drilling in the Santa Ynez Unit off California

49.    Defendants admit the allegations in Paragraph 49.

50.    Defendants admit the allegations in Paragraph 50.

51.    Defendants admit that the predecessor operator(s) submitted the first DPPs for Platforms Harmony, Heritage, and Hondo in 1982, 1982, and 1971, respectively.  Defendants also admit that the Bureau's predecessor agency originally approved plans for Platforms Harmony, Heritage, Hondo, in 1985, 1985, and 1974, respectively.  Defendants aver that multiple analyses, supplements, and revisions have occurred since those approvals.  The remaining allegations in Paragraph 51 characterize the DPPs and related documents, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the

documents.

52.    Defendants admit the allegation in Paragraph 52 that the Bureau approved a supplemental plan in 1992 and a DPP amendment in 2014.  The remaining allegations in Paragraph 52 characterize documents, namely DPPs and related documents, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.

53.    The allegations in Paragraph 53 characterize documents, namely DPPs and related documents, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.

54.    Defendants aver that it issued a memorandum detailing a review of Pacific OCS DPPs in November 2024, not December 2024. The remaining allegations in Paragraph 54 characterize documents, namely a Biological Opinion and the memorandum, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.

55.     The allegations in Paragraph 55 purport to characterize and quote from the April 2025 memorandum, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context or meaning.

56.    The allegations in Paragraph 56 purport to characterize the April 2025 memorandum, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with its plain language, context or meaning.

57.    Defendants admit the allegations of the first and third sentences of Paragraph 57.  Defendants admit the allegations of the first clause of the second sentence of Paragraph 57 and admit that the onshore pipeline ruptured. The remainder of the second sentence regarding beliefs about the size of the spill characterize the statements of unnamed people and/or documents which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.

58.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, deny them.

59.    The allegations in Paragraph 59 purport to characterize and quote statements of Sable, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context or meaning.

60.    The allegations in Paragraph 60 purport to characterize statements of Sable, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context or meaning.

61.    The allegations in Paragraph 61 characterize an application and statements of Sable, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of Sable's actions and intentions. Defendants aver that Sable restarted production on Platform Harmony in May 2025.

62.    The allegations in the first sentence of Paragraph 62 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 62 and deny on that basis. The remaining allegations in Paragraph 62 characterize a letter from the California Geologic Energy Management Division, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the letter.

63.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 63 and, on that basis, deny it. The allegations in the second, third, fourth, fifth, and sixth sentence of Paragraph 63 characterize letters, enforcement actions or orders from the California Coastal Commission, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the seventh sentence of Paragraph 63 characterize the court filings and statements of Sable, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

64.    The allegations in Paragraph 64 characterize Central Coast Regional

15

Water Quality Board violation and non-compliance notices, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

65.     The allegations in Paragraph 65 characterize a California Department of Fish and Wildlife Notice of Violations, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

66.     Defendants admit the allegation in the first sentence of Paragraph 66 that BSEE issued two permits to Sable in September 2024. The additional allegations in first sentence of Paragraph 66 characterize the contents of permits issued by BSEE, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the second sentence of Paragraph 66 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants admit the allegations of the third sentence of Paragraph 66.

**Harms of Offshore Oil and Drilling**

67.     The allegations in Paragraph 67 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

68.     The allegations in Paragraph 68 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth

of the allegations and deny on that basis.

69.    Defendants admit the allegations contained in the first sentence of Paragraph 69.  The allegations in the second and third sentence of Paragraph 69 purport to characterize unnamed water discharge permits which are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of those permits.

70.    Defendants admit in Paragraph 70 the allegations contained in the first sentence.  The allegations contained in the second and third sentences of Paragraph 70 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants admit the allegation in the fourth sentence that "Exxon previously used well stimulation treatments at the Santa Ynez Unit." The remaining allegations in the fourth sentence of Paragraph 70 characterize statements of Exxon, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants aver that there were no well stimulation treatments on the Santa Ynez Unit since 2010.

71.    Defendants admit the first sentence of Paragraph 71.  The allegations in the second sentence of Paragraph 71 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Defendants aver that not all drilling activities emit BTEX compounds.  The second part of the second sentence of Paragraph 71 characterizes a federal statute, which speaks for itself and is the best

17

evidence of its contents.  Defendants deny any allegations inconsistent with the statute's plain language, context or meaning.  The remaining allegations in Paragraph 71 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

72.     Defendants aver that potential impacts from oil and gas operations include noise pollution from vessel and air traffic, conductor installation and pile driving and production operations on platforms. The remaining allegations in Paragraph 72 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

73.     The allegations in Paragraph 73 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

74.     Defendants admit the allegations in Paragraph 74.

75.     Defendants admit the allegations in Paragraph 75, but Defendants aver that the National Transportation Safety Board reported the volume of the 2021 spill more precisely as 24,696 gallons.

76.     The allegations in Paragraph 76 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

77.     Defendants admit that marine mammals can be exposed to oil from offshore or near shore oil spills. The remaining allegations in Paragraph 77 are

vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

78.     The allegations in Paragraph 78 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. The last sentence of Paragraph 78 purports to reference an unnamed study, which speaks for itself and is the best evidence of its contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of the unnamed study. To the extent a response may otherwise be required, Defendants deny any remaining allegations in the last sentence of Paragraph 78.

79.     The allegations in the first sentence of Paragraph 79 characterize unnamed reports which speak for themselves and are the best evidence of their contents; Defendants deny allegations inconsistent with the plain language, context, or meaning of the unnamed reports. The remaining allegations in Paragraph 79 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

80.     The allegations in the first sentence and the phrase "[f]or example" in the second sentence of Paragraph 80 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations deny on that basis. Regarding the allegations in the second sentence of Paragraph 80, Defendants aver that marine waters were closed following the 2015 spill in Santa Barbara County, and aver that California declared

a state of emergency; Defendants lack sufficient information to admit or deny the remaining allegations, including those related to state parks, and on that basis Defendants deny the allegations.

81.    The allegations in Paragraph 81 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

82.    Based on information and belief, Defendants admit the allegations in the first and third sentences of Paragraph 82. The allegations in the second sentence of Paragraph 82 characterize an environmental impact statement, which speaks for itself and is the best evidence of its contents; Defendants deny any allegations inconsistent with the plain language, context, or meaning of that document.

83.    The allegations in the first, third, fourth, and fifth sentences of Paragraph 83 purport to characterize unidentified studies which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the studies. The remaining allegations in Paragraph 83 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

84.    The allegations in Paragraph 84 characterize unidentified federal records, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or

meaning of the records.

85.    The allegations in the first sentence of Paragraph 85 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. The second sentence of Paragraph 85 purports to characterize an unnamed study which speak for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the unnamed study.

86.    The allegations in Paragraph 86 purport to characterize unidentified federal records, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, context, or meaning of the documents.

87.    Defendants admit the allegations of Paragraph 87. Defendants aver that the leak of hydraulic fluid and electrical incident were rectified to the satisfaction of BSEE inspectors.

88.    The allegations in Paragraph 88 are legal conclusions to which no response is required; to the extent a response is required, the allegation is denied.

89.    The allegations in Paragraph 89 characterize OCSLA and federal regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

90.    The allegations Paragraph 90 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants aver that BOEM completed a

memorandum dated April 30, 2025, memorializing its review of the DPPs for
Platform Harmony of the Santa Ynez Unit. To the extent that Plaintiffs seek to
characterize the memorandum of April 30, 2025, it speaks for itself and is the best
evidence of its contents, and Defendants deny any allegations inconsistent with its
plain language, context, or meaning.

91.    The allegations in Paragraph 91 are legal conclusions to which no
response is required; to the extent a response is required, the allegations are denied.

92.    The allegations in the first and second sentences of Paragraph 92
characterize the Santa Ynez Unit DPPs, which speak for themselves and are the
best evidence of their contents. Defendants deny any allegations inconsistent with
their plain language, context, or meaning. Defendants admit the allegation in the
first clause of the third sentence of Paragraph 92 that production from the Santa
Ynez Unit began in 1981. The remaining allegations in the third sentence of
Paragraph 92 are legal conclusions to which no response is required; to the extent a
response is required, the allegations are denied.

93.    The allegations in the Paragraph 93 characterize the Santa Ynez Unit
DPPs and BSEE reports, which speak for themselves and are the best evidence of
their contents. Defendants deny any allegations inconsistent with their plain
language, context, or meaning.

94.    Defendants admit to the allegations in the first sentence of Paragraph
94. The remaining allegations in Paragraph 94 characterize Exxon's statements,
which speaks for themselves and are the best evidence of their contents.
Defendants deny any allegations inconsistent with their plain language, context, or

meaning.

95.     The allegations in Paragraph 95 characterize the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations are also vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

96.     The allegations in the first and second sentences of Paragraph 96 characterize the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 96 and, on that basis, deny them.

97.     The allegations in the first and fourth sentence of Paragraph 97 characterize and and/or quote from the Santa Ynez Unit DPPs and Exxon's statements, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the second and third sentence of Paragraph 97 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

98.     The allegations in the first sentence of Paragraph 98 characterize the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain

language, context, or meaning. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 98 and, on that basis, deny them.

99.    The allegations in the Paragraph 99 characterize the Santa Ynez Unit DPPs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

100.    The allegations in the first sentence of Paragraph 100 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 100 and deny on that basis. The allegations in the second sentence of Paragraph 100 characterize the 1982 DPP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The allegations in the third sentence of Paragraph 100 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. The allegations in the fourth, fifth, and sixth sentence of Paragraph 100 characterize statements or documents from the Santa Barbara County government, an unnamed expert report, and an analysis by Sable, all of which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

101.    The allegations in the second and fourth sentence of Paragraph 101 purport to characterize unidentified studies and statements of scientists, which

24

speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The remaining allegations in Paragraph 101 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

102.   The allegations in the first sentence of Paragraph 102 characterize unidentified records of the federal government, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plan language, context, or meaning.  The allegations in the second sentence are vague and ambiguous, Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  The remaining allegations in Paragraph 102 are legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

103.   Defendants admit the allegation in the first sentence of Paragraph 103 that prior owner of the Santa Ynez Unit leases was Exxon.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 103 and, on that basis, deny them.  The allegations in the second and fifth sentences of Paragraph 103 quote from and/or characterize statements of an Exxon employee and an unidentified study, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. The remaining allegations in Paragraph 103 are vague and

ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

104.     Defendants deny the allegations of Paragraph 104.

105.     The allegations in the first sentence of Paragraph 105 characterize statements of Sable, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with their plain language, context, or meaning.  Defendants admit the allegations in the second sentence of Paragraph 105.  Defendants deny the allegations in the third sentence of Paragraph 105.

106.     Defendants aver that BOEM has required revisions of the DPPs as recently as November 2024, following receipt of a biological opinion in 2024.  The allegations in the first sentence of Paragraph 106 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 106 and deny on that basis. The allegations of the second sentence of Paragraph 106 include assertions related to statements of Exxon and the intentions of Sable.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 106 and, on that basis, deny them. To the extent a response may be required regarding the remaining allegations of the second sentence of Paragraph 106, Defendants deny the allegations.

**CLAIMS FOR RELIEF**

107.   Defendants incorporate by reference their responses to the preceding

Paragraphs.

108.    The allegations in Paragraph 108 characterize and quote from OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning.

109.    Defendants aver that BOEM provided its decision and reasoning regarding the DPPs for Platform Harmony in a memorandum dated April 30, 2025. The allegations in Paragraph 109 purport to characterize the contents of the BOEM memorandum, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context or meaning.  As to all remaining allegations in Paragraph 109, Defendants deny the allegations.

110.    Defendants aver that BOEM provided its decision and reasoning regarding the potential revision of DPPs for Platform Harmony the in a memorandum dated April 30, 2025. The allegations in Paragraph 110 purport to characterize the contents of the BOEM memorandum, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, context or meaning.  As to all remaining allegations in Paragraph 110, Defendants deny the allegations.

111.    The allegations in Paragraph 111 are legal conclusions to which no response is required. To the extent a response may be required, Defendants deny

the allegations.

## REQUEST FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's complaint not heretofore specifically admitted, denied, or qualified herein.

## DEFENSES

1.      Plaintiffs fail to state a claim for which relief can be granted.

2.      Some or all of Plaintiffs' claims are subject to the exclusive jurisdiction of the U.S. Courts of Appeals. *See* 43 U.S.C. § 1349(c)(2).

3.      Plaintiffs lack standing to bring some or all of its claims.

4.      Plaintiffs failed to provide adequate notice under OCSLA.  *See* 43 U.S.C. § 1349(a)(2)(A).

5.      Some or all of Plaintiffs' claims are moot or unripe.

WHEREFORE, Defendants pray that this Court dismiss the Complaint filed herein, award judgment to Defendants, and grant such other relief as the Court deems just and appropriate.

Respectfully submitted on this 21st day of July, 2025.


ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division


*/s/ Alexis G. Romero*
SHANNON BOYLAN, Trial Attorney
ALEXIS G. ROMERO, Trial Attorney
D.C. Bar No. 90006907
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
E-mail: shannon.boylan@usdoj.gov
Tel: (202) 598-9584
E-mail: alexis.romero@usdoj.gov
Tel: (202) 353-5885


*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to the First

Amended Complaint was served to all parties of record via email through the

Court's ECF system.


/s/ *Alexis G. Romero*
ALEXIS G. ROMERO