ADAM R. F. GUSTAFSON
Acting Assistant Attorney General

SHANNON BOYLAN, Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Shannon.Boylan@usdoj.gov
(202) 598-9584

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>    Plaintiff,<br><br>    v.<br><br>DOUG BURGUM, Secretary of the Interior, *et al.*<br><br>    Defendants.<br><br>    And<br><br>SABLE OFFSHORE CORP.<br><br>    Intervenor-Defendant. | Case No. 2:25-cv-02840<br><br>Hon. Michelle Williams Court District Court Judge<br><br>**DEFENDANTS' RESPONSE TO INTERVENOR'S MOTION TO DISMISS** |

Federal Defendants, including the Bureau of Ocean Energy Management ("BOEM"), submit this response to Defendant-Intervenor, Sable Offshore Corp.'s Motion to Dismiss (Dkt No. 31). Federal Defendants agree with Sable that Plaintiff environmental groups have failed to provide adequate notice under the Outer Continental Shelf Lands Act's ("OCSLA") citizen suit provision prior to amending their complaint and therefore this case should be dismissed under either Rule 12(b)(1) or 12(b)(6).

On April 2, 2025, Plaintiffs originally filed suit seeking to compel BOEM to review, and require Sable to revise, the Santa Ynez Unit offshore oil and gas development and production plans ("DPPs") for platforms Hondo, Harmony, and Heritage. *See* Original Compl., Dkt. No. 1, ¶¶ 107-109. OCSLA requires that the Secretary of the Interior "shall, from time to time, review each" approved DPP "based upon changes in available information and other onshore or offshore conditions affecting or impacted by development and production pursuant to such plan" and "[i]f the review indicates that the plan should be revised to meet the requirements of this subsection, the Secretary shall require such revision." 43 U.S.C. § 1351(h)(3). OCSLA's implementing regulations list various factors that would require revision of the DPP. *See* 30 C.F.R. § 550.283(a).

Prior to filing suit, on September 26, 2024, Plaintiffs submitted to BOEM a notice of intent to sue, as required under OCSLA's citizen suit provision. *See* Original Compl. ¶ 15. Subsequent to that notice, from November 2024 until April 30, 2025, BOEM conducted its review of the platform Harmony's DPP and then issued a decision outlining its review and stating its determination that the DPP need not be revised. *See* First Am. Compl. ("FAC"), Dkt. No. 12 ¶¶ 10, 55; s*ee* BOEM, Memorandum re: Completion of the Periodic Review Development and

Production Plan for Platform Harmony ("Decision") 2 (April 30, 2025).[1]  Then in May 2025, following the completion of BOEM's review of the DPP, Plaintiffs amended their complaint, challenging the adequacy of that review. *See* FAC ¶¶ 109-111. Specifically, Plaintiffs allege that BOEM's decision not to require revision of the DPP violated OCSLA, and they seek a declaration and an order requiring BOEM to come into compliance with OCSLA. FAC ¶ 13. Unlike in September 2024, Plaintiffs did not submit a notice of intent to file suit challenging the April 30 decision.

OCLSA's citizen suit provision allows "any person having a valid legal interest which is or may be adversely affected" to "commence a civil action on his own behalf to compel compliance with [OCSLA] against any person, including the United States, and any other government instrumentality or agency . . . for any alleged violation of any provision of [OCSLA] or any regulation promulgated under [OCSLA] . . . ." 43 U.S.C. §1349(a)(1).  This provision requires Plaintiffs to give notice of any alleged violation more than 60 days before filing suit. *See id.* §1349(a)(2)(A).

Courts interpreting this provision and similar citizen suit provisions have found that a failure to fulfill the notice requirements warrants dismissal. "[W]here a party suing under the citizen suit provisions . . . fails to meet the notice and 60-day delay requirements . . . , the district court must dismiss the action as barred by the terms of the statute." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 33 (1989) (interpreting nearly identical provision in the Resource Conservation and Recovery Act (RCRA)); *see also Hallstrom v. Tillamook Cnty.,* 844 F.2d 598, 601 (9th Cir. 1987) (remanding for dismissal for failure to notify under RCRA); *Ctr. for*

---

[1] Available at https://www.boem.gov/sites/default/files/documents/regions/pacific-ocs-region/oil-gas/Completion%20Memo_SYU%20Periodic%20Review_Harmony_FINAL_SIGNED.pdf.

3

*Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) (remanding for dismissal for deficient notices under Clean Water Act citizen suit provision).

      As a threshold matter, this case should be dismissed because Plaintiffs failed to plead in their amended complaint that they gave adequate notice of their intent to challenge the April 30, 2025 Decision. *See Cunningham v. Offshore Specialty Fabricators, Inc.*, No. 5:04-CV-282, 2010 WL 11627806, at *4 (E.D. Tex. Aug. 17, 2010) (finding that plaintiffs' failure to "plead pre-suit notice" under OCSLA is "jurisdictional and also warrants dismissal"). Only the original complaint alleged that Plaintiffs had served a notice letter. And Plaintiffs cannot rely on those allegations here, both because the allegations do not appear in the operative complaint and because they do not pertain to the April 2025 Decision being challenged.

      While Plaintiffs similarly allege in both the original and amended complaints that BOEM violated OCSLA by not requiring revision of the DPP despite the presence of certain factors (c*ompare* Original Compl. ¶¶ 90-105 *with* FAC ¶¶ 91-106), the ultimate final agency action that Plaintiffs are now challenging did not exist at the time of the September 2024 notice, and "pre-violation notice" is therefore inadequate. *See Friends of Animals v. Ashe*, 51 F. Supp. 3d 77, 84 (D.D.C. 2014). "[T]he fact that a premature notice forecasts a violation that actually appears in a final [agency action] promulgated by the Secretary does not change the fact that one cannot give notice of a violation which has not yet happened." *Kern Cnty. Farm Bureau v. Badgley*, 2002 WL 34236869, at *13 (E.D. Cal. Oct. 10, 2002). Moreover, because the April 2025 Decision postdates the notice letter, nothing in the September 2024 notice could have alerted BOEM to any specific deficiencies in the Decision's reasoning and analysis.

      The legal inadequacy of premature notice letters is illustrated in *Friends of*

*Animals*, where plaintiffs sued the U.S. Fish and Wildlife Service alleging that it had failed to meet certain deadlines for responding to a listing petition under the Endangered Species Act ("ESA"). *Friends of Animals v. Ashe*, 808 F.3d 900, 903 (D.C. Cir. 2015). Under the ESA, following the submission of a petition to list a species, the Service must first make an initial determination about whether the petitioned action may be warranted. *Id*. at 902. If the initial determination yields a positive result, then the Service must make a final determination within one year of the listing petition concluding that the listing petition is warranted, not warranted, or warranted but precluded by pending proposals to list other species. *Id*. at 902. Plaintiffs submitted one notice of intent to sue regarding the Service's failure to make both the initial determination and the final determination within the requisite timeframes. *Id*. at 903. In finding the notice deficient with respect to the final determination, then D.C. Circuit Judge Kavanaugh explained that "giving the Service notice of an allegedly overdue final determination before the Service has issued a positive initial determination does not give notice of an *existing* violation of a nondiscretionary duty." *Id*. at 904. The court held that "[i]f and when the Service issues a positive initial determination, Friends of Animals must provide a new notice to the Service; then, after another 60 days have passed, Friends of Animals may sue again to compel the final determination." *Id*.

      Here, BOEM has a duty under OCSLA to periodically review a given DPP based on certain circumstances, and then only "[i]f the review indicates that the plan should be revised to meet the requirements of this subsection, the Secretary shall require such revision." 43 U.S.C. § 1351(h)(3). Accordingly, BOEM cannot determine if revisions are required to a DPP until after BOEM reviews it. Plaintiffs' September 2024 notice alleging that BOEM was required to revise the DPP preceded BOEM's initiation of its review of the DPP, and therefore did not give notice of any then *existing* violation of OCSLA now alleged in their amended

5

complaint. *Friends of Animals*, 808 F.3d at 904.

Because "one cannot give notice of a violation which has not yet happened," *Kern Cnty. Farm Bureau*, No. CVF 025376 AWI DLB, 2002 WL 34236869, at *13, the September 2024 notice cannot satisfy OCSLA's requirements. And courts have consistently enforced these statutory notice requirements regardless of their perceived inefficiency, because the statutes compel it. *See Friends of Animals*, 808 F.3d at 904 (explaining that while this "approach may not be the most efficient . . . the statute compels it."). "The notice and 60–day delay requirements are mandatory conditions precedent to commencing suit under the [] citizen suit provision; a district court may not disregard these requirements at its discretion." *Hallstrom*, 493 U.S. at 31 (dismissing case after plaintiffs had already prevailed at trial because they had failed to timely notify two of the defendants under RCRA).

Finally, Plaintiffs cannot rely on the APA as an escape hatch from OCSLA's notice requirement. Plaintiffs' claims alleging violations of OCSLA may not proceed under the APA "if the requirements of § 1349(a)(2) have not been met." *See Duke Energy Field Servs. Assets, L.L.C. v. Fed. Energy Regul. Comm'n*, 150 F. Supp. 2d 150, 155 (D.D.C. 2001) (dismissing case for lack of notice under OCSLA). Since the requirements of § 1349(a)(2) have not been met here, Plaintiffs claim cannot proceed.

To conclude, Plaintiffs have failed to provide adequate notice under

OCSLA's citizen suit provision, and therefore this case should be dismissed.

Respectfully submitted on this 22nd day of August, 2025.

ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Shannon Boylan*
SHANNON BOYLAN, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
E-mail: shannon.boylan@usdoj.gov
Tel: (202) 598-9584

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to First Amended Complaint was served to all parties of record via email through the Court's ECF system.

/s/ *Shannon Boylan*
SHANNON BOYLAN