LATHAM & WATKINS LLP
Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Kevin A. Homrighausen (Bar No. 329034)
Email: kevin.homrighausen@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: (714) 540-1235
Fax: (714) 755-8290

*Attorneys for Intervenor-Defendant*
*Sable Offshore Corp.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG BURGUM, et al., <br><br> *Defendants*, <br><br> and <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant*. | CASE NO. 2:25-cv-02840-MWC-MAA <br><br> **REPLY IN SUPPORT OF SABLE OFFSHORE CORP.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR DECLARATORY AND OTHER RELIEF** <br><br> <u>Hearing</u> <br> Date: August 21, 2026 <br> Time: 1:30 p.m. <br> Judge: Hon. Michelle Williams Court <br> Courtroom: 6A |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.    ARGUMENT................................................................................................................2

    A.    Plaintiffs Do Not Have Article III Standing ......................................2

        1.    Plaintiffs Cannot Establish a Procedural Injury.........................2

        2.    Plaintiffs Cannot Establish Injury-in-Fact ................................6

        3.    Plaintiffs Fail to Establish Causation.........................................7

        4.    Plaintiffs Fail to Establish Redressability .................................8

    B.    Plaintiffs' Alternative APA Claim Must Be Dismissed.....................11

    C.    Plaintiffs Lack Adequate 60-Day Notice ..........................................12

III.    CONCLUSION...........................................................................................................12

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW

i

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ASARCO Inc. v. Kadish*,
490 U.S. 605 (1989)...........................................................................................9

*Askins v. U.S. Dep't of Homeland Sec.*,
899 F.3d 1035 (9th Cir. 2018) .......................................................................12

*Cascadia Wildlands v. Scott Timber Co.*,
105 F.4th 1144 (9th Cir. 2024) ......................................................................12

*City of Culver City v. FAA*,
167 F.4th 1260 (9th Cir. 2026) .........................................................................4

*Clean Air Council v. U.S. Env't Prot. Agency*,
No. SACV 25-01473-MWF(DFMX), 2026 WL 1915707 (C.D.
Cal. June 25, 2026) ...........................................................................................6

*Clemmens v. Am. Honda Motor Co., Inc.*,
No. 2:24-CV-09728-ODW (SKX), 2026 WL 765426 (C.D. Cal.
Mar. 18, 2026)..................................................................................................11

*Coal. for a Sustainable Delta v. F.E.M.A.*,
711 F. Supp. 2d 1152 (E.D. Cal. 2010) ..........................................................10

*Ctr. for Biological Diversity v. Bernhardt*,
946 F.3d 553 (9th Cir. 2019) .......................................................................6, 7

*Ctr. for Biological Diversity v. Burgum*,
No. 2:25-cv-2840, 2025 WL 2986120 (C.D. Cal. Sept. 10, 2025) ..................11

*Ctr. for Biological Diversity v. Mattis*,
868 F.3d 803 (9th Cir. 2017) ............................................................................4

*Ctr. for Sustainable Econ. v. Jewell*,
779 F.3d 588 (D.C. Cir. 2015)..........................................................................2

*Flynn v. Burlington Northern Santa Fe Corporation*,
98 F. Supp. 2d 1186 (E.D. Wash. 2000).............................................................7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

ii

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

*G.B. by & through G.P. v. U.S. Env't Prot. Agency*,
172 F.4th 1042 (9th Cir. 2026) ..................................................................................8

*Gescheidt v. Haaland*,
No. 21-cv-4734-HSG, 2023 WL 2250268 (N.D. Cal. Feb. 27,
2023) ...........................................................................................................................5

*Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*,
465 F.3d 1123 (9th Cir. 2006) .............................................................................9, 10

*Gulf Restoration Network v. Salazar*,
683 F.3d 158 (5th Cir. 2012) ......................................................................................4

*Idaho Conservation League v. Mumma*,
956 F.2d 1508 (9th Cir. 1992) ....................................................................................8

*Inland Empire Waterkeeper v. Corona Clay Co.*,
17 F.4th 826 (9th Cir. 2021) .....................................................................................10

*Lighthiser v. Trump*,
No. 25-6714, 2026 WL 1555982 (9th Cir. June 2, 2026) ...........................................9

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................................................................................................6

*Mayfield v. United States*,
599 F.3d 964 (9th Cir. 2010) ......................................................................................9

*Nat. Res. Def. Council v. Jewell*,
749 F.3d 776 (9th Cir. 2014) ......................................................................................4

*Nat. Res. Def. Council v. U.S. E.P.A.*,
735 F.3d 873 (9th Cir. 2013) ......................................................................................6

*Nat'l Family Farm Coal. v. EPA*,
966 F.3d 893 (9th Cir. 2020) ......................................................................................5

*Nat'l Wildlife Fed'n v. Johanns*,
No. C04-2169Z, 2005 WL 1189583 (W.D. Wash. May 19, 2005).....................3

*Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*,
457 F.3d 941 (9th Cir. 2006) ............................................................................3, 4, 10

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

*Ocean Advocates v. U.S. Army Corps of Eng'rs*,
402 F.3d 846 (9th Cir. 2005) ...................................................................................6

*Ohio Forestry Ass'n v. Sierra Club*,
523 U.S. 726 (1998)..................................................................................................3

*Our Children's Earth Found. v. Regan*,
No. 24-3735, 2025 WL 1444414 (9th Cir. May 20, 2025) ................................12

*Pub. Citizen v. U.S. Dep't of Transp.*,
316 F.3d 1002 (9th Cir. 2003)*, rev'd on other ground*s, 541 U.S.
752 (2004)................................................................................................................10

*Salmon Spawning & Recovery All. v. Gutierrez*,
545 F.3d 1220 (9th Cir. 2008) .........................................................................8, 10

*Sancho v. U.S. Dep't of Energy*,
392 F. App'x 610 (9th Cir. 2010) ...........................................................................6

*Save Long Beach Island, Inc. v. U.S. Dep't of Com.*,
No. 1:25-CV-02214 (CJN), 2026 WL 2150375 (D.D.C. July 27,
2026) ........................................................................................................................11

*Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*,
605 U.S. 168 (2025)..................................................................................................5

*Wishtoyo Found. v. U.S. Fish & Wildlife Serv.*,
No. CV 19-03322-CJC(ASX), 2019 WL 6998665 (C.D. Cal. Oct.
16, 2019) ....................................................................................................................5

*Women's Student Union v. U.S. Dep't of Educ.*,
No. 21-CV-01626-EMC, 2022 WL 484956 (N.D. Cal. Feb. 16,
2022) ......................................................................................................................2, 3

**STATUTES**

43 U.S.C.
§ 1351(g)....................................................................................................................2
§ 1351(h)(1) ..............................................................................................................3
§ 1351(h)(3) ...........................................................................................2, 3, 4, 5, 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

iv

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

# RULES

Fed. R. Civ. P.

    12(b)(1) ..........................................................................................................1

    12(b)(6) ..........................................................................................................1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

v

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

## I.   INTRODUCTION

In their Opposition, Plaintiffs attempt to relitigate whether this is an Administrative Procedure Act ("APA") case or an Outer Continental Shelf Lands Act ("OCSLA") case—a question this Court has already resolved twice—while failing to address what compelled dismissal of their First Amended Complaint ("FAC"): their inability to establish Article III standing.  Plaintiffs' entire theory of standing rests on the claim that the Bureau of Ocean Energy Management's ("BOEM") April 2025 decision ("2025 Decision") not to require revision of Sable Offshore Corp.'s ("Sable") Development and Production Plan ("DPP") constitutes a "procedural injury."  But this Court has already found that no such procedural injury occurred.  Neither OCSLA nor its implementing regulations afford Plaintiffs a procedural right to the outcome of the DPP "periodic review" they prefer.  What Plaintiffs characterize as a procedural deficiency is, in substance, a disagreement with BOEM's determination—a determination OCSLA commits to the Secretary's near-plenary discretion.  Extending the procedural injury doctrine to such a challenge would swallow Article III's Constitutional standing requirements.

Plaintiffs make no attempt to argue that their causation or redressability theories would survive under anything but the relaxed procedural injury standard, which is fatal to their claims.  And their theory of the case would improperly turn any mere disagreement with a final agency decision into "procedural injury."  Finally, Plaintiffs' position on their OCSLA 60-day notice is internally contradictory: they insist BOEM's failure to consider specific information constitutes a procedural injury, yet maintain they were not required to identify that information in their notice of intent to sue in the first place—the very notice Congress requires to give agencies fair opportunity for corrective action.  Sable respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint ("SAC"), Dkt. 72, for lack of subject matter jurisdiction under Rule 12(b)(1) and/or for failure to state a claim under Rule 12(b)(6).

## II.    ARGUMENT

### A.    Plaintiffs Do Not Have Article III Standing

#### 1.    Plaintiffs Cannot Establish a Procedural Injury

Because Plaintiffs make no attempt to argue that their theories of causation and redressability would support Article III standing without the "relaxed" standard applied in procedural injury cases, *see generally* Dkt. 80, Plaintiffs' ability to demonstrate standing necessarily depends on whether they have successfully pled a claim for procedural injury.  They have not.

The Court correctly found that Plaintiffs have no procedural injury, including under 43 U.S.C. § 1351(g).  Dkt. 71 at 16-18.  Plaintiffs now assert their "procedural injuries are not tethered to 43 U.S.C. § 1351(g)," Dkt. 80 at 17 n.5, and instead claim "a 'right to a procedurally sound' DPP review process under section 1351(h)(3)," *id*. at 16 (citations omitted), which was unmet because BOEM did not consider changes in all "available information" and other "onshore or offshore conditions" "and require revision of DPPs when necessary," *id*. at 16-17. *See also* SAC ¶ 36.  Plaintiffs argue that Sable raises an improper attack on the merits, *see* Dkt. 80 at 18, but it is Plaintiffs who attempt to convert their substantive dispute over whether a DPP revision was required into a procedural violation.  "'Procedural injury results from the violation of a statute or regulation that guarantees a particular *procedure*,'" whereas "'a substantive injury results from the violation of a statute or regulation that guarantees a particular *result*.'" *Women's Student Union v. U.S. Dep't of Educ.*, No. 21-CV-01626-EMC, 2022 WL 484956, at *6 (N.D. Cal. Feb. 16, 2022) (citations omitted) (emphasis in original). It is fundamentally the *result* of BOEM's periodic review, rather than failure to comply with a "particular *procedure*" required under Section 1351(h)(3), that Plaintiffs dispute.  In *Center for Sustainable Economy v. Jewell*, 779 F.3d 588, 594 (D.C. Cir. 2015), the D.C. Circuit explained that OCSLA "establishes both a procedural framework and a set of substantive requirements to govern how Interior

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

opens up areas of the OCS for resource development." The final procedural stage involves BOEM's review of proposed DPPs and the D.C. Circuit identified Section 1351(h)(1) as one of the "[r]igorous substantive requirements" that accompanies this stage. *Id.* It follows that BOEM's subsequent review of such a plan to consider further revisions is likewise a "substantive" requirement. *See id.*; *see also Nat'l Wildlife Fed'n v. Johanns*, No. C04-2169Z, 2005 WL 1189583, at *5 (W.D. Wash. May 19, 2005) (contrasting procedural nature of the National Environmental Policy Act ("NEPA") with substantive law authorizing agency to "permit haying, grazing, or other commercial use of forage"); *cf. Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 737 (1998) (contrasting a procedural claim under NEPA with a substantive challenge to a forest plan under the National Forest Management Act).

Plaintiffs cannot avail themselves of a lower standing threshold by "artfully" framing their substantive challenge to BOEM's periodic review as a procedural injury. *See Women's Student Union*, 2022 WL 484956, at *5 (finding no procedural injury where plaintiff "artfully frame[d] the complaint as a dispute over procedure" but "at its core . . . takes issue with the *substance* of the" challenged agency regulations). Allowing Plaintiffs to plead their substantive dispute with BOEM's periodic review as a procedural violation would create a precedent that any party challenging an agency decision could claim a procedural injury and avail themselves of a lower standing threshold simply because they disagreed with the outcome of the agency decision—a substantial expansion of the doctrine that would effectively swallow Article III standing requirements.

To the extent Section 1351(h)(3) dictates a particular procedure, Plaintiffs still cannot show BOEM "violated certain procedural rules." *Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*, 457 F.3d 941, 949 (9th Cir. 2006) (citation omitted); *see also* Dkt. 77-1 at 7-9. Under the periodic review process, BOEM must "from time to time, review each plan approved under this section." 43 U.S.C.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

§ 1351(h)(3).  Plaintiffs admit that BOEM completed this review.  SAC ¶¶ 115-17.  And this review must be "based upon changes in available information and other onshore or offshore conditions."  43 U.S.C. § 1351(h)(3).  Plaintiffs concede that "BOEM's periodic review does describe *some* changes in available information," Dkt. 80 at 18 (emphasis in original), and offer no rebuttal to the fact that nothing in Section 1351(h)(3) requires BOEM to consider "*all* available information"—a standard of Plaintiffs' own invention—including that which was not before the agency.  *See* SAC ¶¶ 15, 36, 37 (emphasis added).  This is fatal to any claim that BOEM violated some procedure.  Finally, because BOEM determined that DPP revision was not warranted, it was never obligated to require one.  *See* Dkt. 71 at 21-22.  Because Plaintiffs cannot claim BOEM violated any procedural rules, they cannot claim a procedural injury.  *See Nuclear Info. & Res. Serv.*, 457 F.3d at 949; *see also City of Culver City v. FAA*, 167 F.4th 1260, 1265 (9th Cir. 2026) (no standing where alleged environmental harms from increased air traffic stemmed from initial agency approval rather than subsequent amendments plaintiffs sought to challenge).

The cases Plaintiffs cite are also fundamentally inapposite.  *See* Dkt. 80 at 16-17.  *Natural Resources Defense Council v. Jewell* stands only for the proposition that violations of the Endangered Species Act's ("ESA") mandatory Section 7(a)(2) consultation requirement—a procedural requirement with no analogue in Section 1351(h)(3)—constitutes a procedural injury.  749 F.3d 776, 783 (9th Cir. 2014).  Likewise, *Gulf Restoration Network v. Salazar*, 683 F.3d 158, 167 (5th Cir. 2012), involved compliance with procedures "required by OCSLA and NEPA" applicable to approval of *new* exploration and development plans— procedures not applicable here as this Court already found.  Dkt. 71 at 17.  And plaintiffs' "procedural injury" in *Center for Biological Diversity v. Mattis*, 868 F.3d 803, 816 (9th Cir. 2017), under the National Historic Preservation Act ("NHPA") is unsurprising given the "NHPA 'is a procedural statute[.]'"  *Id.* at 816

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

n.5.  Plaintiffs' reliance on NEPA cases is similarly misplaced because "NEPA is a *purely procedural statute*" that "imposes no *substantive* environmental obligations or restrictions."  *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 173, 180 (2025) (emphasis in original).  Plaintiffs offer no support for the suggestion that OCSLA Section 1351(h)(3) is the type of provision whose alleged violation would result in a procedural harm to Plaintiffs.

Plaintiffs also assert that the deprivation of their members' right to participate in BOEM's decision-making constitutes an "additional procedural injury."  Dkt. 80 at 17 n.5.  Regardless of how they frame it, Plaintiffs cannot escape the fact that they were not "legally entitled" to participate in BOEM's periodic review under Section 1351(h)(3), as this Court correctly found, and this is the case irrespective of whether there is any "public participation" (*e.g.*, notice and comment) process.  *See* Dkt. 71 at 15-16; SAC ¶ 36.  Here, too, Plaintiffs cite inapposite cases.  In *Gescheidt v. Haaland*, No. 21-cv-4734-HSG, 2023 WL 2250268 (N.D. Cal. Feb. 27, 2023), the court "decline[d] the Park Service's invitation to limit the procedural injury doctrine to statutes providing the public with the right to notice and comment."  *Id.* at *8.  This is a non-sequitur.  Declining to limit the procedural injury doctrine in this manner does not mean Plaintiffs can base a procedural injury claim on alleged deprivation of a right to participate in a process they are not entitled to participate in.[1]  This is the fundamental principle espoused in the cases Sable identified, Dkt. 77-1 at 10-11, which Plaintiffs fail to rebut.  *See, e.g.*, *Wishtoyo Found. v. U.S. Fish & Wildlife Serv.*, No. CV 19-03322-CJC(ASX), 2019 WL 6998665, at *7 (C.D. Cal. Oct. 16, 2019).  Plaintiffs' failure to establish a procedural injury is fatal to their standing.

---

[1] *National Family Farm Coalition v. EPA*, 966 F.3d 893 (9th Cir. 2020), is also inapposite for this reason.  There, petitioners alleged that the agency failed to comply with procedural requirements under the ESA's consultation procedures and the Federal Insecticide, Fungicide, and Rodenticide Act, neither of which have an analogue in Section 1351(h)(3).  *See id.* at 909, 911-12.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

2.       Plaintiffs Cannot Establish Injury-in-Fact

Plaintiffs also fail to sufficiently plead injury-in-fact to establish they have standing to bring this action because their alleged environmental harms are impermissibly speculative and based on conjecture. *See Sancho v. U.S. Dep't of Energy*, 392 F. App'x 610, 611 (9th Cir. 2010). Plaintiffs cite (at 13) *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846, 859-60 (9th Cir. 2005), to argue that "where an agency's actions threaten the environment, 'increased risk of harm can itself be injury in fact for standing.'" However, the injury must still be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An environmental injury "is 'actual or imminent' where there is a 'credible threat' that a probabilistic harm will materialize." *Nat. Res. Def. Council v. U.S. E.P.A.*, 735 F.3d 873, 878 (9th Cir. 2013).

Plaintiffs have not alleged a "credible threat" that BOEM's 2025 Decision injures them in any way. Instead, Plaintiffs' alleged injuries rest on a "speculative chain of future possibilities." *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019). BOEM's 2025 Decision was not a decision to restart or "prolong" activities at the Santa Ynez Unit. Sable operates under an already-approved DPP, and its resumption of operations did not require any new permit or approval tied to BOEM's 2025 Decision. That BOEM *could have* used the DPP periodic review to include additional mitigation (if there was authority to do so) is simply one more step in Plaintiffs' "speculative chain." *See id*.; *see also* Dkt. 77-1 at 12-13. Indeed, "there is very little [if anything in the SAC] supporting the idea proffered by Plaintiffs that there is some increased 'credible threat'" to them from BOEM's 2025 Decision and "[w]ithout more" to establish they will be harmed, "Plaintiffs' allegations do not confer standing." *Clean Air Council v. U.S. Env't Prot. Agency*, No. SACV 25-01473-MWF(DFMX), 2026 WL 1915707, at *6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

(C.D. Cal. June 25, 2026).[2]  While this Court found "that Plaintiffs have demonstrated a prospective, albeit, somewhat tenuous, environmental injury in the possibility that Platform Harmony may result in a future oil spill[,]" Dkt. 71 at 15, Sable respectfully suggests that this framing is too generous in light of the very narrow decision made by BOEM, which does not affect ongoing, already approved operations in any way.

In any event, even if the Court finds that Plaintiffs have demonstrated a "prospective, albeit, somewhat tenuous, environmental injury" in the SAC, Plaintiffs do not bother to explain how they meet the remainder of the standing test based upon environmental injury and instead rely exclusively on the relaxed procedural injury standard, which is fatal to their claim.  *See supra* Section II.A.1; Dkt. 80 at 20-23.

### 3.    Plaintiffs Fail to Establish Causation

Even under a relaxed procedural injury standard (which does not apply here), Plaintiffs' alleged harms remain "too tenuously connected" to BOEM's 2025 Decision to confer Article III standing.  *See* Dkt. 80 at 21.  Plaintiffs claim that BOEM's 2025 Decision "allows Sable to prolong and extend production well beyond the Santa Ynez Unit's envisioned lifespan."  Dkt. 80 at 23.  But BOEM's 2025 Decision did not *cause* new development, drilling or resumption of

---

[2] Plaintiffs fail to distinguish *Flynn v. Burlington Northern Santa Fe Corporation*, citing only a portion of that decision assessing procedural injury and overlooking the discussion of environmental injury.  *See* 98 F. Supp. 2d 1186, 1190-92 (E.D. Wash. 2000).  The court's conclusion that environmental harms based on speculative contamination from a future project were "clearly conjecture and hypothetical" was separate from its analysis of whether plaintiffs suffered a procedural injury.  *See id*. at 1191.  Similarly, while the facts in *Bernhardt* involving speculative future agency action are in a different context, *see* 946 F.3d at 560, the principle that plaintiffs' "alleged injury [cannot] rest[] on a speculative chain of future possibilities," applies in equal weight here.  In fact, in *Bernhardt*, a single speculative link in the "chain"—whether the agency would issue similar regulations—was enough to prevent plaintiffs from "nudg[ing] their claim "across the line from conceivable to plausible."  *Id.*  Here, there are *several* speculative links in the chain from BOEM's alleged failure to consider certain information to the environmental harm Plaintiffs allege.  *See* Dkt. 77-1 at 12-13.

production under Sable's existing DPP. *See* Dkt. 77-1 at 14-15. Any "increased risk" that Plaintiffs allege attributable to aging infrastructure, Dkt. 80 at 21, was the same on April 29, 2025—the day before BOEM issued the 2025 Decision—as it was the day after. Plaintiffs cannot successfully claim the 2025 Decision caused their alleged harm.

Plaintiffs cite to *Idaho Conservation League v. Mumma*, but there the Ninth Circuit explained that "the injury—failure to make wilderness recommendations, purportedly as a result of statutory violations—would not have occurred *but for* the Secretary's decision." 956 F.2d 1508, 1518 (9th Cir. 1992). Here, by contrast, the alleged "increased risk" of environmental harm existed regardless of BOEM's 2025 Decision. That BOEM theoretically *could* have required different measures (if there was authority to do so) is just one more link in the "attenuated chain of conjecture" that Plaintiffs put forth. *See Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1228 (9th Cir. 2008) (insufficient causation); *G.B. by & through G.P. v. U.S. Env't Prot. Agency*, 172 F.4th 1042, 1058-61 (9th Cir. 2026).[3] Because Plaintiffs' causation theory fails, the SAC should be dismissed on this independent ground.

### 4. Plaintiffs Fail to Establish Redressability

Plaintiffs fail to show redressability because they exclusively rely on the lower bar for redress of a procedural injury, *see* Dkt. 80 at 23-24, but Plaintiffs have not adequately alleged a procedural injury, so the relaxed test is not available to them, *see supra* Section II.A.1; *Salmon Spawning*, 545 F.3d at 1226-27.

---

[3] Plaintiffs' attempt to distinguish *Salmon Spawning* is unavailing because the operative principle—that a causal chain resting on an "attenuated chain of conjecture" cannot support Article III standing, 545 F.3d at 1228—applies with equal force here. *See* Dkt. 77-1 at 15. That Sable's operations must "conform to the DPP," *see* Dkt. 80 at 22, does not shorten this speculative chain. Nor is *G.B.* distinguishable on the ground that it involved an agency action "too far removed" from plaintiffs' alleged harm. 172 F.4th at 1061. As in *G.B.*, Plaintiffs rely on a "multi-link 'chain of possibilities'" and only "by stacking one 'hypothetical assumption[ ]' on top of another" can Plaintiffs connect their alleged harms to BOEM's 2025 Decision. *See id.*

Instead, Plaintiffs must show their requested relief is "substantially likely to redress their injuries[.]" *Lighthiser v. Trump*, No. 25-6714, 2026 WL 1555982, at *1 (9th Cir. June 2, 2026) (enjoining executive order was not "substantially likely to prevent agencies from taking similar . . . actions under other lawful authorities"); *see also* Dkt. 71 at 18.  Plaintiffs cannot show their requested relief will or would be "substantially likely" to redress the increased risk of environmental harms they allege.

Plaintiffs argue (at 23-24) the SAC establishes redressability by seeking declaratory and injunctive relief, but this requested relief is substantially the same as in the FAC this Court already dismissed for lack of standing.  *See* Dkt. 77-1 at 16-17.  Plaintiffs assert (at 24) that a Court order to BOEM "requiring an update of the DPP" would provide redress, yet neither OCSLA nor the APA provides a basis for relief directing a specific outcome of an administrative process.  *See* Dkt. 77-1 at 17.  The core of the new "relief" Plaintiffs seek in the SAC is their request to compel BOEM to review changes in information.  *See* SAC at 39, Request for Relief 2 (First Claim); Dkt. 77-1 at 17-18.  Plaintiffs argue that BOEM's "full evaluation of relevant information" would redress their alleged injuries and "could lead to a revision of the DPP that includes additional environmental safeguards." Dkt. 80 at 24.  But even if BOEM was required to review additional information, whether BOEM would require revision to the DPP is entirely speculative given the "near-plenary discretion [afforded to] the Secretary regarding when and how to revise a DPP." Dkt. 71 at 22.  Similarly, an order vacating and remanding BOEM's 2025 Decision would not provide redress.  *See* Dkt. 77-1 at 23; *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 614-15 (1989); *Mayfield v. United States*, 599 F.3d 964, 972 (9th Cir. 2010).

Plaintiffs' claim that "[n]one of the cases Sable cites are persuasive here because none consider redressability in the context of the relaxed standard for

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

9

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

procedural injury." Dkt. 80 at 24. Plaintiffs are mistaken. "Nothing in the procedural-injury jurisprudence relaxes [the] rule" that "[t]here is no redressability, and thus no standing, where . . . any prospective benefits depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or to predict." *Coal. for a Sustainable Delta v. F.E.M.A.*, 711 F. Supp. 2d 1152, 1167 (E.D. Cal. 2010) (citing *Nuclear Info. & Res. Serv.*, 457 F.3d at 955; *Glanton*, 465 F.3d at 1125). Plaintiffs' reliance on *Salmon Spawning* for the one claim the court found standing is misplaced. There, the alleged procedural injury was lack of compliance with affirmative reinitiation of consultation requirements under ESA Section 7. 545 F.3d at 1229. BOEM has no analogous mandatory procedural duty under Section 1351(h)(3). In that same opinion, addressing a non-procedural injury with respect to a different claim, the court recognized that "discretionary efforts by the agencies [were] too uncertain to establish redressibility [sic]." 545 F.3d at 1228.[4] Plaintiffs also misconstrue the Court's basis for dismissing the FAC by arguing dismissal was "expressly because OCSLA *did not* provide an adequate remedy." Dkt. 80 at 8 (emphasis in original). Not so. For example, the Court recognized it could order BOEM to conduct a periodic review where it had not conducted one. *See* Dkt. 71 at 1. Rather the Court held that Plaintiffs were not entitled to the specific relief they sought, *id.* at 21—a fundamental distinction Plaintiffs curiously ignore. Simply because a governing statute does not entitle Plaintiffs to the specific remedy they seek does not mean OCSLA provides no adequate remedies or that Plaintiffs can then rely on the APA

---

[4] Plaintiffs' reliance on *Public Citizen* (at 23-24) is misplaced as here Plaintiffs have not established procedural injury. *See supra* Section II.A.1; *Pub. Citizen v. U.S. Dep't of Transp.*, 316 F.3d 1002, 1018-19 (9th Cir. 2003), *rev'd on other grounds*, 541 U.S. 752 (2004). *Inland Empire* is inapposite because "the [Clean Water Act] authorize[d]" the court to issue an injunction to address the alleged harm from pollution. *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 826, 832 (9th Cir. 2021). As this Court has recognized, OCSLA's prescribed remedy "is unique compared to other environmental statutes' citizen-suit provisions, such as the Clean Water Act," which does not "prescribe[] 'compliance' with its terms." Dkt. 71 at 20.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

10

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

to seek any relief they want. *See Save Long Beach Island, Inc. v. U.S. Dep't of Com.*, No. 1:25-CV-02214 (CJN), 2026 WL 2150375, at *3-4 (D.D.C. July 27, 2026).

### B. Plaintiffs' Alternative APA Claim Must Be Dismissed

Despite Plaintiffs' improper attempt to relitigate this issue, *see* Dkt. 80 at 7-10, this Court has already squarely held that the APA does not provide an independent basis for Plaintiffs to assert their OCSLA claims. *See* Dkt. 39 at 8 (holding "OCSLA controls" this matter); Dkt. 71 at 16 ("As the Court has previously held, this is an OCSLA citizen-suit—not an APA action."); *Save Long Beach Island*, 2026 WL 2150375, at *4 ("'To adopt Plaintiffs' interpretation would' therefore 'require the Court to act as if there were no remedy available under the citizen suit provision of OCSLA, or as if Plaintiffs were not seeking to correct 'violations' of OCSLA, contrary to the plain language of the [complaint].'") (quoting *Ctr. for Biological Diversity v. Burgum*, No. 2:25-cv-2840, 2025 WL 2986120, at *5 (C.D. Cal. Sept. 10, 2025)). The Court's decision was correct and it should reject Plaintiffs' attempt to relitigate these issues. Here, the Court has made the legal determination that the APA does not apply. Rather, the Court should reaffirm and again reject Plaintiffs' APA claim now in the SAC for the same reasons, Dkt. 77-1 at 20-21, even if it were to find that the formal law of the case doctrine does not apply, as Plaintiffs argue, *see* Dkt. 80 at 10.[5]

Further, Plaintiffs ignore that when granting leave to amend over a year after this case was filed and summary judgment motions fully briefed, the Court only granted "Plaintiffs **one more chance** to amend their Complaint to address the standing issues discussed in this Order," not to reassert a cause of action previously rejected by the Court. *See* Dkt. 71 at 24 (emphasis in original). The Court should dismiss Plaintiffs' APA claim for this additional reason. *See, e.g., Clemmens v.*

---

[5] By Plaintiffs' reasoning, the Court's prior decision on the adequacy of Plaintiffs' 60-day notice would likewise not apply. *See* Dkt. 39.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

11

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

*Am. Honda Motor Co., Inc.*, No. 2:24-CV-09728-ODW (SKX), 2026 WL 765426, at *3 (C.D. Cal. Mar. 18, 2026) ("When a court grants leave to amend for a specific purpose, courts routinely confine amendment to that purpose[.]") (citation omitted).[6]

### C.   Plaintiffs Lack Adequate 60-Day Notice

Contrary to Plaintiffs' arguments (at 24-25), the sufficiency of their September 2024 notice letter is not settled for the reasons outlined in Sable's Motion. *See* Dkt. 77-1 at 23-25. Plaintiffs' reliance on *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024), is misplaced as there is no Ninth Circuit decision applying that reasoning to OCSLA's citizen suit provision, and courts have continued to apply the "jurisdictional" rule to non-ESA citizen suit provisions. *See* Dkt. 77-1 at 5 n.1. Regardless, Plaintiffs must demonstrate that their September 2024 notice letter was "reasonably specific" and fairly encompassed the theories now advanced in the SAC. *See Our Children's Earth Found. v. Regan*, No. 24-3735, 2025 WL 1444414, at *1 (9th Cir. May 20, 2025). The SAC's theories—that BOEM failed to consider "all available information" and that the periodic review process was procedurally deficient—were *not* fairly encompassed by the September 2024 notice letter and must be dismissed. Dkt. 77-1 at 23-25.

### III.   CONCLUSION

Sable respectfully requests dismissal of Plaintiffs' SAC with prejudice.

Dated: August 7, 2026                    Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Janice M. Schneider*
Janice M. Schneider
(*Pro Hac Vice*)
Email: janice.schneider@lw.com

---

[6] Plaintiffs' reliance on *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035 (9th Cir. 2018), is distinguishable because there the district court applied the law of the case to the subject matter of the authorized amendment, unlike here.

Devin M. O'Connor
(*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Kevin A. Homrighausen
(Bar No. 329034)
Email: kevin.homrighausen@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: (714) 540-1235
Fax: (714) 755-8290

*Attorneys for Intervenor-Defendant
Sable Offshore Corp.*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

13

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Intervenor-Defendant Sable Offshore Corp., certifies that this brief contains 12 pages, which complies with the page limit set by this Court's Standing Order, Section 6.c, dated April 15, 2025 (Dkt. 11).

Dated:  August 7, 2026          By: */s/ Janice M. Schneider*
                                    Janice M. Schneider
                                    (*Pro Hac Vice*)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

14

CASE NO. 2:25-cv-02840-MWC-MAA
SABLE'S REPLY IN SUPPORT OF
MOT. TO DISMISS SECOND AM. COMPL.